**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

The State, Respondent,

v.

Dennis Elvin Cervantes-Pavon, Appellant.

Appellate Case No. 2015-002472

Appeal From Charleston County
Kristi Lea Harrington, Circuit Court Judge

Unpublished Opinion No. 2017-UP-258
Submitted June 1, 2017 – Filed June 28, 2017

**AFFIRMED**

Appellate Defender Susan Barber Hackett, of Columbia, for Appellant.

Attorney General Alan McCrory Wilson, Deputy Attorney General Donald J. Zelenka, and Assistant Attorney General Susannah Rawl Cole, all of Columbia; and Solicitor Scarlett Anne Wilson, of Charleston, all for Respondent.

**PER CURIAM:** Affirmed pursuant to Rule 220(b), SCACR, and the following authorities: S.C. Code Ann. § 16-11-420(A) (2015) ("It is the intent of the General

Assembly to codify the common law Castle Doctrine which recognizes that a person's home is his castle and to extend the doctrine to include an occupied vehicle and the person's place of business."); S.C. Code Ann. § 16-11-440(C) (2015) ("A person who is not engaged in an unlawful activity and who is attacked in another place where he has a right to be, including, but not limited to, his place of business, has no duty to retreat and has the right to stand his ground and meet force with force, including deadly force, if he reasonably believes it is necessary to prevent death or great bodily injury to himself . . . ."); S.C. Code Ann. § 16-11-450(A) (2015) ("A person who uses deadly force as permitted by the provisions of this article or another applicable provision of law is justified in using deadly force and is immune from criminal prosecution and civil action for the use of deadly force . . . ."); *State v. Curry*, 406 S.C. 364, 370, 752 S.E.2d 263, 266 (2013) ("A claim of immunity under the [Protection of Persons and Property Act (the Act)] requires a pretrial determination using a preponderance of the evidence standard, which this court reviews under an abuse of discretion standard of review."); *State v. Jones*, 416 S.C. 283, 290, 786 S.E.2d 132, 136 (2016) ("An abuse of discretion occurs when the trial court's ruling is based on an error of law or, when grounded in factual conclusions, is without evidentiary support."); *Curry*, 406 S.C. at 371, 752 S.E.2d at 266 ("Consistent with the Castle Doctrine and the text of the Act, a valid case of self-defense must exist, and the trial court must necessarily consider the elements of self-defense in determining a defendant's entitlement to the Act's immunity. This includes all elements of self-defense, save the duty to retreat."); *State v. Douglas*, 411 S.C. 307, 318, 768 S.E.2d 232, 238-39 (Ct. App. 2014) (providing the elements of self-defense save the duty to retreat are (1) the defendant must be without fault in bringing on the difficulty; (2) the defendant must believe he is in imminent danger of death or great bodily injury or actually be in such imminent danger; and (3) the defendant's fear must be reasonable); *Curry*, 406 S.C. at 372, 752 S.E.2d at 267 ("While the Act may be considered 'offensive' in the sense that the immunity operates as a bar to prosecution, such immunity is predicated on an accused demonstrating the elements of self-defense to the satisfaction of the trial court by the preponderance of the evidence.").

**AFFIRMED.**[1]

**GEATHERS, MCDONALD, and HILL, JJ., concur.**

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.